# ALABAMA SJIS CASE DETAIL

FILED
2025 Dec-30 AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**PREPARED FOR: NEAL MOORE**
**12/29/2025 1:27:38 P**


alacourt.com

County:  **01**          Case Number:  **CV-2025-904933.00**          Court Action:

Style:  **TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC.**

Real Time

## Case

### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | 01-JEFFERSON - BIRMINGHAM | Case Number: | CV-2025-904933.00 | Judge: | MJH:MARSHELL JACKSON HATCHER |
| Style: | TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC. | | | | |
| Filed: | 11/12/2025 | Case Status: | ACTIVE | Case Type: | OTHER CV CASE |
| Trial Type: | JURY | Track: | | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 1 | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | | | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | 11/12/2025 | Updated By: | AJA |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - WALKER TONI

#### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | WALKER TONI | | | Type: | I-INDIVIDUAL |
| Index: | D EXPERIAN INF | Alt Name: | | Hardship: | No | JID: | MJH |
| Address 1: | C/O COCHRUN & SEALS | | | Phone: | (205) 000-0000 | | |

Address 2:   PO BOX 10448
City:   BIRMINGHAM   State:   AL   Zip:   35202-0000   Country:   US
SSN:   XXX-XX-X999   DOB:   Sex:   Race:

## Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement:   $0.00 | Court Action For: | Exemptions: |
| Cost Against Party:   $0.00 | Other Cost:   $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

## Service Information

| | | |
|---|---|---|
| Issued:   Issued Type: | Reissue: | Reissue Type: |
| Return:   Return Type: | Return: | Return Type: |
| Served:   Service Type | Service On: | Notice of No Answer:   Served By: |
| Answer:   Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | SEA030 | | SEALS WALLACE WHITNEY | WHITNEY@COCHRUNSEALS.COM | (205) 323-3900 |

## Party 2 - Defendant BUSINESS - EXPERIAN INFORMATION SOLUTIONS, INC.

### Party Information

| | | | | |
|---|---|---|---|---|
| Party:   D001-Defendant | Name:   EXPERIAN INFORMATION SOLUTIONS, INC. | | Type:   B-BUSINESS | |
| Index:   C WALKER TONI | Alt Name: | Hardship:   No | JID:   MJH | |
| Address 1:   CT CORPORATION SYSTEM | | Phone:   (205) 000-0000 | | |
| Address 2:   2 N JACKSON ST, STE 605 | | | | |
| City:   MONTGOMERY | State:   AL | Zip:   36104-0000 | Country:   US | |
| SSN:   XXX-XX-X999 | DOB: | Sex: | Race: | |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement:   $0.00 | Court Action For: | Exemptions: |
| Cost Against Party:   $0.00 | Other Cost:   $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | |
|---|---|---|
| Issued:   11/12/2025   Issued Type:   C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return:   Return Type: | Return: | Return Type: |
| Served:   12/01/2025   Service Type   C-CERTIFIED MAIL | Service On: | Notice of No Answer:   Served By: |
| Answer:   Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC - CERT-AOC | C001 | | $20.54 | $20.54 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV - CONV FEE | C001 | | $18.86 | $18.86 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD - JURY DEMAND | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $490.40 | $490.40 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/13/2025 | RECEIPT | AOCC - CERT-AOC | 2026033 | 45934800 | $20.54 | C001 | 000 | Credit Card | N | | | PAS |
| 11/13/2025 | CREDIT | CONV - CONV FEE | 2026033 | 45934900 | $18.86 | C001 | 000 | Cash | N | | | PAS |
| 11/13/2025 | RECEIPT | CV05 - CV OVER $50K | 2026033 | 45935000 | $306.00 | C001 | 000 | Credit Card | N | | | PAS |
| 11/13/2025 | RECEIPT | JDMD - JURY DEMAND | 2026033 | 45935100 | $100.00 | C001 | 000 | Credit Card | N | | | PAS |
| 11/13/2025 | RECEIPT | VADM - VADM FEE | 2026033 | 45935200 | $45.00 | C001 | 000 | Credit Card | N | | | PAS |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/12/2025 | 9:40 AM | FILE | FILED THIS DATE: 11/12/2025        (AV01) | AJA |
| 11/12/2025 | 9:40 AM | EORD | E-ORDER FLAG SET TO "Y"        (AV01) | AJA |
| 11/12/2025 | 9:40 AM | ASSJ | ASSIGNED TO JUDGE: MARSHELL JACKSON HATCHER (AV01) | AJA |
| 11/12/2025 | 9:40 AM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 11/12/2025 | 9:40 AM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 11/12/2025 | 9:40 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 11/12/2025 | 9:40 AM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 11/12/2025 | 9:40 AM | C001 | C001 PARTY ADDED: WALKER TONI        (AV02) | AJA |
| 11/12/2025 | 9:40 AM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 11/12/2025 | 9:40 AM | C001 | LISTED AS ATTORNEY FOR C001: SEALS WALLACE WHITNE | AJA |
| 11/12/2025 | 9:40 AM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 11/12/2025 | 9:40 AM | D001 | D001 PARTY ADDED: EXPERIAN INFORMATION SOLUTIONS, | AJA |
| 11/12/2025 | 9:40 AM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 11/12/2025 | 9:41 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 11/12/2025 | 9:41 AM | D001 | CERTIFIED MAI ISSUED: 11/12/2025 TO D001    (AV02) | AJA |
| 11/12/2025 | 9:41 AM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 11/12/2025 | 9:41 AM | ECOMP | COMPLAINT E-FILED. | SEA030 |
| 11/14/2025 | 3:58 PM | ESCAN | SCAN - FILED 11/14/2025 - NOTICE | KAD |
| 12/10/2025 | 8:43 AM | D001 | SERVICE OF CERTIFIED MAI ON 12/01/2025 FOR D001 | KAD |
| 12/10/2025 | 8:44 AM | ESERC | SERVICE RETURN | KAD |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 11/12/2025 9:40:55 AM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/12/2025 9:40:56 AM | 2 | COMPLAINT | | 7 |
| 11/12/2025 9:40:57 AM | 3 | INTERROGATORIES(R33) | PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, LLC | 9 |
| 11/12/2025 9:41:39 AM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

| 11/12/2025 9:41:46 AM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 11/14/2025 3:59:02 PM | 6 | NOTICE | TO CLERK | 2 |
| 12/10/2025 8:44:38 AM | 7 | SERVICE RETURN | SERVICE RETURN | 2 |
| 12/10/2025 8:44:43 AM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

 ***END OF THE REPORT***

ELECTRONICALLY FILED
11/12/2025 9:40 AM
01-CV-2025-904933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br>Date of Filing:<br>11/12/2025 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TONI WALKER v. EXPERIAN INFORMATION SOLUTIONS, INC.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other       **First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING       P ☐ APPEAL FROM PROBATE COURT
A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES   ☐ NO       **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**       ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
SEA030         11/12/2025 9:40:54 AM           /s/ WALLACE WHITNEY SEALS
                        Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**       ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**       ☐ YES  ☑ NO

EXHIBIT A

ELECTRONICALLY FILED
11/12/2025 9:40 AM
01-CV-2025-904933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TONI WALKER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )     01-CV-2025-_____ |
| | )     **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, LLC.; | ) |
| | ) |
| DEFENDANT. | ) |

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, Toni Walker, by and through undersigned counsel, and for her complaint against the Defendant states as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## STATEMENT OF THE PARTIES

1.  Plaintiff, Toni Walker, is over the age of nineteen (19) Years and is a resident of Jefferson County, Alabama.

2.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.      Defendant EXPERIAN INFORMATION SOLUTIONS, LLC (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has, at all pertinent times, done business in Jefferson County, Alabama.

4.      Experian is a nationwide consumer reporting agency such as that term is defined by 15 U.S.C. §1681a(f).

5.      Upon information and belief, Defendant Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

6.      Upon information and belief Experian disburses consumer reports to third parties for monetary compensation.

7.      A substantial portion of the events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

8.      Experian, as a credit reporting agency, is required to follow the Fair Credit Reporting Act in and about its business as a credit reporting agency.

Page **2** of **7**

9.    Pursuant to the Fair Credit Reporting Act if a consumer, such as Plaintiff, disputes "the completeness or accuracy of any item of information contained in the consumer's file" and the consumer "notifies the agency directly," then the agency is required to "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A).

### Plaintiff's first dispute letter to Experian

10.    Plaintiff obtained a copy of her Experian credit report on or about May 22, 2025.

11.    Upon review of her Experian credit report, Plaintiff noted that Experian was reporting inaccurate information for a credit card account with Wells Fargo Bank, N.A. ("Wells Fargo").

12.    Experian was reporting that the Wells Fargo account belonged to Plaintiff, was charged off, and had a balance of $7,058.

13.    This Wells Fargo account did not belong to Plaintiff, and she was not responsible for the account.

14.    On or about June 22, 2025, Plaintiff wrote to Experian disputing the Wells Fargo trade line or account on the basis that it did not belong to her.

Page **3** of **7**

15.    Plaintiff, in her June 22, 2025 dispute letter, asked Experian to investigate her dispute and to delete the inaccurate and negative credit reporting associated with the Wells Fargo account from her credit report.

16.    On or about July 4, 2025, Experian sent Plaintiff a letter that stated as follows:

> **We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you.   As a precautionary measure, we have not taken any action on your alleged request. According to the federal Fair Credit Reporting Act, "if the completeness or accuracy of any item of information contained in a consumer's file at a national credit reporting company is disputed by the consumer and the consumer notifies the company directly of such dispute, the company shall reinvestigate free of charge." Therefore, you can dispute any inaccurate information directly with Experian for free.**
>
> **If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number 833-421-3400, or visit our secure website to upload your documents at www.experian.com/dispute.**

17.    This letter was odd to Plaintiff in that she *did dispute* inaccurate information with Experian in her June 22, 2025 dispute letter but Experian refused to investigate her dispute despite the clear requirement imposed by the FCRA to do so because, for reasons that hopefully will become clear in discovery, it wrongfully assumed the letter did not come from the Plaintiff.

18.    Upon information and belief, Experian's policies regarding

"suspicious mail," are not well designed or implemented and violate FCRA.

19.     Frustrated, Plaintiff wrote Experian a second time on August 6, 2025 disputing Wells Fargo account again as well as another account.

20.     Experian received Plaintiff's August 6, 2025 dispute letter on or about August 14, 2025.

21.     On August 26, 2025, Experian sent Plaintiff the results of its reinvestigation of Plaintiff's dispute.

22.     Experian notified Plaintiff in the dispute results letter that Wells Fargo "has certified to Experian that the information is accurate."   Experian further notified Plaintiff that it did not change the disputed Wells Fargo account information as a result of her dispute.

23.     Experian's conduct harmed Plaintiff.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT EXPERIAN

24.     Defendant Experian's conduct in this matter constitutes multiple violations of FCRA.

25.     Experian violated 15 U.S.C. §1681i by failing to delete inaccurate and incomplete information in the Plaintiff's credit file after receiving actual

Page **5** of **7**

notices of such inaccuracies and incompleteness; by failing to conduct reasonable and lawful reinvestigations of Plaintiff's disputes; by failing to promptly notify the furnishers of the information disputed by the Plaintiff of the disputes and failing to forward all relevant information to those furnishers; by failing to appropriately understand Plaintiff's disputes; by failing to reasonably investigate the information disputed by the Plaintiff; by failing to maintain reasonable procedures with which to filter and verify disputed inaccurate or incomplete information in the Plaintiff's credit file.

26.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

27.    As a result of this wrongful conduct, action and inaction of Experian, the Plaintiff suffered damage including, but not limited to wasted time, out of pocket postage expense, mental and emotional pain and anguish, humiliation, and embarrassment.

28.    Experian 's refusal to perform appropriate reinvestigations, and its subsequent conduct was willful or reckless, rendering Experian liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the

Page **6** of **7**

Plaintiff to recover under 15 U.S.C. § 1681o.

29.    The Plaintiff is entitled to recover costs and attorney's fees from

Experian in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n and/or § 1681o.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Toni Walker
c/o Plaintiff's Counsel
P.O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o Registered Agent
C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

EXHIBIT A

ELECTRONICALLY FILED
11/12/2025 9:40 AM
01-CV-2025-904933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| TONI WALKER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | 01-CV-2025-_____ |
| | ) | **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, LLC.; | ) | |
| | ) | |
| DEFENDANT. | ) | |

---

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, LLC

---

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories, Requests for Production and Requests for Admissions propounded by Plaintiff herein, through counsel of record in accordance with the Alabama Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

Page **1** of **9**

## INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each Interrogatory pertains to the time period beginning January 2024 through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory should identify the appropriate time frame if your response requires same.

## DEFINITIONS

1.    "You" includes EXPERIAN INFORMATION SOLUTIONS, LLC, the company, entity, institution, agency, subsidiary(ies), parent

corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities whether or not separately incorporated. You may also be referenced herein simply as "Experian."

2.      "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.   The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks, or diskettes, or any other medium whatsoever.

3.      For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

> (a)    The nature of the document (e.g., letter, memorandum, contract, etc.);
> (b)    The author or sender of the document;
> (c)    The recipient of the document;
> (d)    The date the document was authored, sent, and/or

received; and,

(e)     The reason such document is allegedly privileged.

4.     "Plaintiff" refers to Toni Walker.

5.     "Wells Fargo Account" means the account or trade line reported by WFBNA with partial account number 577442234110…. that is made the basis of the lawsuit and that was reported by you on Plaintiff's credit report at any time.

6.     "ACDV" means automated consumer dispute verification.

## STATEMENT REGARDING DEFENDANT CHOOSING TO RESPOND TO INTERROGATORIES BY REFERRING PLAINTIFF TO DOCUMENTS THAT ARE OR WILL BE PRODUCED

If, in response to any of Plaintiff's interrogatories, you respond by referring Plaintiff to Defendant's document production, you are required by Rule 33(d)(1) to answer each interrogatory referencing document production by specifying the records that must be reviewed in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could. Pointing to an entire document production so as to force Plaintiff to guess at which document is responsive to which interrogatory is insufficient and is not in accordance with Rule 33.

## STATEMENT REGARDING ASSERTIONS OF PRIVILEGE BY DEFENDANT

Should this Defendant assert any privilege in response to any discovery request herein, Defendant is reminded that Ala. R. Civ. P. 26(b)(6), which is nearly identical to F.R.C.P. 26(b)(5) requires Defendant to expressly make such a claim of privilege, and to provide a privilege log that contains a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim. Under Alabama law, this log shall be served within twenty-one days of the date the request is served unless otherwise ordered.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the names, addresses, telephone numbers, and employers of all person(s) who made the determination that Plaintiff's June 22, 2025 letter did not appear to have been sent directly by Plaintiff to Experian or to be authorized by the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 2:**

State the date that Experian received Plaintiff's June 22, 2025 dispute letter related to the Wells Fargo Account.

**ANSWER:**

**INTERROGATORY NO. 3:**

State the date that Experian notified Wells Fargo of Plaintiff's June 22, 2025 dispute.

**ANSWER:**

**INTERROGATORY NO. 4:**

For Plaintiff's June 22, 2025 dispute, please describe the process and procedure that led to the determination that Plaintiff's June 22, 2025 letter did not appear to have been sent directly by Plaintiff to Experian or to be authorized by the Plaintiff and caused the July 4, 2025 letter to be sent to Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please state, per Experian's policies or procedures or otherwise, what characteristics of Plaintiff's June 22, 2025 dispute letter led Experian's

employees or agents to determine that Plaintiff's June 22, 2025 letter did not appear to have been sent directly by Plaintiff to Experian or to be authorized by the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please state the number of times Experian sent a letter containing the paragraph or language contained in its July 4, 2025 letter to a consumer for the twenty-four (24) months prior to July 4, 2025.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please state the number of Experian employees or agents who, at the time Plaintiff's June 22, 2025 dispute was received by Experian, worked in Experian's mailroom or other mail receiving facility who were tasked with identifying which consumer correspondence appeared to be suspicious under Experian's policy or policies regarding mail that does not appear to have been sent directly by a consumer or authorized by a consumer.

**ANSWER:**

**INTERROGATORY NO. 8:**

When did Experian receive Plaintiff's August 6, 2025 dispute letter?

**ANSWER:**

**INTERROGATORY NO. 9:**

Did Experian use, hire, or otherwise engage the services of any third party in conducting the reinvestigation Plaintiff's August 6, 2025 dispute? If so, please identify the name of the company or companies and person or persons who conducted the reinvestigations of Plaintiff's August 6, 2025 dispute at the direction of or on behalf of Experian.

**ANSWER:**

## INTERROGATORY NO. 10:

Please state each and every person or company that Experian or its agents or employees contacted in the course of reinvestigating the Plaintiff's August 6, 2025 dispute. For each and every such contact, please state:

> (a)    The date of the contact;
> (b)    The time of the contact;
> (c)    The manner or method of the contact;
> (d)    The name of the person or company contacted; and
> (e)    The contents of any communication with any person or company contacted as part of your reinvestigation of Plaintiff's dispute.

**ANSWER:**

## INTERROGATORY NO. 11:

For Plaintiff's dispute dated August 6, 2025, please describe in detail the process of the reinvestigations and the result of the reinvestigations undertaken by Experian with regard to the dispute of the Wells Fargo Account information.

**ANSWER:**

## INTERROGATORY NO. 12:

Experian, in its August 26, 2025 dispute results letter to the Plaintiff wrote that Wells Fargo "has certified to Experian that the information is accurate." How did Wells Fargo "certify" to Experian that the information disputed by the Plaintiff was accurate?

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents involving communications between you and the furnisher of the disputed Wells Fargo information, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

**RESPONSE:**

2.      Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

**RESPONSE:**

3.      Please produce your documents which evidence constitute and/or address your policies, procedures, and guidelines for reinvestigating consumer disputes, such as Plaintiff's August 6, 2025 dispute, which were in effect at the time of the incidents made the basis of this lawsuit.

**RESPONSE:**

4.      Please produce a copy of any document including any ACDV sent to or received from Wells Fargo as a result of or during the reinvestigation of Plaintiff's August 6, 2025 dispute.

**RESPONSE:**

5.      Please provide a copy of Experian's suspicious mail policy or other policy regarding determining that letters, such as Plaintiff's June 22, 2025 dispute correspondence, were not authorized by the consumer or sent directly by the consumer to Experian and that cause letters containing the paragraph or language contained in Experian's July 4, 2025 letter to Plaintiff to be sent.

**RESPONSE:**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff


**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

# TO BE SERVED WITH SUMMONS AND COMPLAINT





AlaFile E-Notice

01-CV-2025-904933.00

To:  WALLACE WHITNEY SEALS
     anita@cochrunseals.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC.
01-CV-2025-904933.00

The following complaint was FILED on 11/12/2025 9:40:56 AM

Notice Date:    11/12/2025 9:40:56 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-904933.00

To: EXPERIAN INFORMATION SOLUTIONS, INC.
CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC.
01-CV-2025-904933.00

The following complaint was FILED on 11/12/2025 9:40:56 AM

Notice Date:      11/12/2025 9:40:56 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2025-904933.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA
### TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC.

**NOTICE TO:** EXPERIAN INFORMATION SOLUTIONS, INC., CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS                                                                                                   ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202                                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

TONI WALKER

*[Name(s)]*

| 11/12/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ WALLACE WHITNEY SEALS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on                                      .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to                          in                          County, Alabama on                          .

*(First and Last Name of Person Served)*                 *(Name of County)*                          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by                          in                          County, Alabama on                          who is:

*(First and Last Name of Person Served)*                 *(Name of County)*                          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC.

01-CV-2025-904933.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $20.54

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

EXPERIAN INFORMATION SOLUTIONS, INC.                    Postage: $20.54
CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

Parties to be served by First Class Mail

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EXPERIAN INFORMATION SOLUTIONS, INC.
CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

9590 9402 9633 5121 4002 20

2. Article Number *(Transfer from service label)*

9589 0710 5270 2140 2726 89

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV-25-904933

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



## SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EXPERIAN INFORMATION SOLUTIONS, INC.

CT CORPORATION SYSTEM

2 N JACKSON ST, STE 605

MONTGOMERY, AL 36104



9590 9402 9633 5121 4002 20

2. Article Number *(Transfer from service label)*

9589 0710 5270 2140 2726 89

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☒ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

Tiffany Ford                       12-1-25

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☒ No

CV-25-904933

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail
... Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #

9590 9402 9633 5121 4002 20

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED IN OFFICE
CIRCUIT C... DIVISION
DEC 0 9 2025
JACQUELINE ANDERSON SMITH
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

JACQUELINE ANDERSON SMITH, CLERK

MEGA 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD. NO

BIRMINGHAM, ALABAMA 35263





AlaFile E-Notice

01-CV-2025-904933.00

Judge: MARSHELL JACKSON HATCHER

To:  SEALS WALLACE WHITNEY
anita@cochrunseals.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TONI WALKER V. EXPERIAN INFORMATION SOLUTIONS, INC.
01-CV-2025-904933.00

The following matter was served on 12/1/2025

D001 EXPERIAN INFORMATION SOLUTIONS, INC.
Corresponding To
CERTIFIED MAIL

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov