FILED

2026 Feb-05  AM 11:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Toni Walker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:25-cv-2220-MHH |
| Experian Information Solutions, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## <u>DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES</u>

L. Jackson Young, Jr.
ASB-7946-G65L
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
LJYoung@csattorneys.com


Lauren Bustamante
*Pro Hac Vice Application Forthcoming*
lbustamante@jonesday.com
JONES DAY
717 Texas, Suite #3300
Houston, TX 77008
Telephone: +1.832.239.3814
Facsimile: +1.832.239.3600

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

COMES NOW Defendant Experian Information Solutions, Inc., erroneously sued as "Experian Information Solutions, LLC" ("Experian"), by and through its undersigned counsel, and answers Plaintiff Toni Walker's ("Plaintiff") Complaint (the "Complaint").[1]  Except as expressly admitted herein, Experian denies any and all allegations set forth in the Complaint.  Experian's investigation of the present matter is ongoing. Accordingly, Experian expressly reverses the right to amend this Answer.

## STATEMENT OF THE PARTIES

1.    In response to paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.    In response to paragraph 2 of the Complaint, Experian admits that Plaintiff is a "consumer" as the term is defined in 15 U.S.C. § 1681a(c).

3.    In response to paragraph 3 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the State of Alabama.  Except as specifically admitted, Experian denies, generally

---

[1] For ease of reference, and to facilitate review, Experian has incorporated into its Answer and Affirmative Defenses the headings used by Plaintiff in the Complaint.  In doing so, however, Experian does not adopt, either expressly or by implication, the statements contained in those headings.

and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4.     In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

5.     In response to paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6.     In response to paragraph 6 of the Complaint, Experian admits that it is a for-profit corporation.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7.     In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3

**STATEMENT OF FACTS**

*Background*

8.      In response to paragraph 8 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act ("FCRA").  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 8 inconsistent therewith.

9.      In response to paragraph 9 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 9 inconsistent therewith.

*Plaintiff's first dispute letter to Experian*

10.      In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

12.      In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

4

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## CAUSES OF ACTION

## COUNT ONE

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et. seq. AS TO DEFENDANT EXPERIAN

24.    In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25.    In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26.    In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27.    In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28.    In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29.    In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

7

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (STATUTES OF LIMITATIONS AND REPOSE)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE
## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

8

## FIFTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

## (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

9

## NINTH AFFIRMATIVE DEFENSE

## (LEGAL CAPACITY)

The Complaint warrants dismissal because plaintiff lacks the legal capacity to sue.

## TENTH AFFIRMATIVE DEFENSE

## (INDEPENDENT INTERVENING CAUSE)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

## (PUNITIVE DAMAGES)

The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper. Plaintiff's claims for exemplary or punitive damages violate the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

## TWELFTH AFFIRMATIVE DEFENSE

## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to answer additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit [and attorneys' fees] herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.


Respectfully submitted,


*/s/ L. Jackson Young, Jr.*
L. Jackson Young, Jr.
ASB-7946-G65L
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
LJYoung@csattorneys.com
*Attorney for Defendant Experian Information Solutions, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned, hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record via CM/ECF electronic filing on this date, February 5, 2026:

W. Whitney Seals, Esq.
COCHRUN & SEALS, LLC
Post Office Box 10448
Birmingham, Alabama 35202-0448
filings@cochrunseals.com
*Attorney for Plaintiff*

         /s/ L. Jackson Young, Jr.
         OF COUNSEL

12

4720111.1