**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

TONI WALKER,                                    )
                                                )
            Plaintiff,                          )
                                                )
    v.                                          )
                                                )
EXPERIAN INFORMATION                            )        Case No. 2:25-cv-02220-MHH
SOLUTIONS, INC.                                 )
                                                )
            Defendant.                          )
                                                )
_____                 )

**REPORT OF THE PARTIES' PLANNING MEETING**

1.      The following persons participated in a Rule 26(f) conference on January 30, 2026.

        (a)     W. Whitney Seals, representing Plaintiff

        (b)     L. Jackson Young, Jr., representing Experian Information Solutions, Inc.

2.      **Description of Case:**

                Plaintiff's Statement:

        Plaintiff's claims against Defendant are brought pursuant to the Fair Credit Reporting Act

("FCRA") Plaintiff alleges that Experian violated the FCRA in and about their investigation of

information disputed by the Plaintiff.  Plaintiff further alleges that Experian violated the FCRA by

refusing to investigate her initial dispute based upon its flawed suspicious mail policy.

                Experian Information Solutions, INC's Statement:

        This is an action for damages brought by an individual consumer against Experian

Information Solutions, Inc. ("Experian"), a consumer reporting agency as defined by 15 U.S.C. §

1681a(f), for alleged violations of the FCRA.  Experian essentially functions as a storehouse of

credit information concerning hundreds of millions of consumers nationwide, collecting and

1

storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set terms of transactions between consumers and their creditors. The FCRA is not a strict liability statute and does not require Experian to maintain error-free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian acted in good faith and without malice or intent to injure Plaintiff and did not act willfully or negligently. Experian denies that it is liable in this case. Experian further denies that it was the proximate cause of any damages alleged by Plaintiff. Plaintiff's claimed damages were not caused by Experian but by Plaintiff or by third parties. Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint. Experian respectfully reserves the right to supplement its summary if necessary as this case develops.

3.    **Initial Disclosures.** The parties will complete by **February 6, 2026**, the initial disclosures required by Rule 26(a)(1).

4.    **Discovery Plan.** The parties propose this discovery plan:

(a)    Discovery will be needed on these subjects:

Plaintiff's Statement:

i.    The claims made in the Complaint;

ii.    Any affirmative defenses raised by the Defendant;

iii.    The Defendant's policies and procedures that resulted in Defendant's failure or refusal to investigate Plaintiff's initial dispute;

iv.      The credit reporting of the alleged debt by Defendant;

v.       Defendant's policies and procedures related to investigating information when that information is disputed by consumers;

vi.      The reinvestigation(s) conducted by Defendant in response to Plaintiff's dispute letters.

vii.     The policies and procedures of Defendant with regard to investigating disputes such as the Plaintiff's;

(b)      Experian Information Solutions, INC's Statement:

Based on what is presently known, Defendant Experian anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation contained in Plaintiff's Complaint; Plaintiff's alleged damages; whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Experian; Plaintiff's financial and consumer history; any communications between Plaintiff and Experian; any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and discovery necessitated by discovery sought by Plaintiff.

(c)      Discovery will be completed by **October 23, 2026**.  The parties note that interrogatories and requests for production were served on Defendant with Plaintiff's state court complaint.  Those discovery requests will be deemed served at the time this report of parties' planning meeting is filed with the Court.

(d)      A maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

(e)      A maximum of 35 requests for production by each party to any other party. (Responses due 30 days after service).

(f)      A maximum of 35 requests for admission by each party to any other party. (Responses due 30 days after service).

3

(g)   The following limitations will apply to depositions:

    i.   A maximum of 8 depositions of each party by any other party (not to include expert witness depositions), excluding depositions upon written questions.

    ii.   Each deposition be limited to one day of seven hours, unless otherwise ordered by the Court or agreed upon by stipulation of the parties.

    iii.   The parties agree to remote video depositions for witnesses.

(h)   Reports from retained experts under Federal Rule of Civil Procedure 26(a)(2) shall be due:

    i.   From the Plaintiff by **June 12, 2026**, with said experts to be made available for deposition by **July 17, 2026**;

    ii.   From the Defendant by **August 21, 2026**, with said experts to be made available for deposition by **September 25, 2026**.

(i)   Supplementations under Federal Rule of Civil Procedure 26(e) shall be made in a timely manner as required under Rule 26(e).

5.   **Other Items:**

(a)   The parties do not request a conference with the Court before entry of the scheduling order.

(b)   The pre-trial conference is requested be held in **April 2027.**

(c)   Plaintiff should be allowed until **May 15, 2026** to join additional parties or amend the pleadings.

(d)   Defendant should be allowed until **June 15, 2026** to join additional parties or amend the pleadings.

(e)   All potentially dispositive motions should be filed by **December 11, 2026.**

(f)   Settlement of the case may be possible once discovery is completed.  The parties have not exchanged offers or demands at this time. The parties are amenable to a settlement conference before a magistrate judge after the close of discovery.

(g)   The parties do not believe that alternative dispute resolution procedures are necessary at this time.  If any of the parties believe the use of alternative dispute

resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the Court.

(h)     Witness and Exhibit lists under Federal Rule of Civil Procedure 26(a)(3) shall be due **30 days** prior to trial.  The parties will have **10 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(i)     The case should be ready for trial by May **2027**.  The trial should take approximately 3-4 days in total.

(j)     Discovery Matters:

    i.     The parties agree that, pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 6(d), any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (i.e., no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word or (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (i.e., within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

    ii.     The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.  The parties agree that following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/ requests for production, the need to limit the scope of same, and any need for privilege logs.

    iii.     All parties agree to implement the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.  The parties agree that any production of privileged documents does not waive the privilege, regardless of whether the party took "reasonable steps" to prevent the inadvertent production.

    iv.     The parties do not anticipate any ESI preservation issues.  Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case.  Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or

production that the parties believe is necessary.  The production of ESI should be done in .pdf format when practicable.

v.  The parties anticipate the need for a protective order.  The parties agree to work together to get a Joint Motion for Protective Order in place as soon as possible.  However, until a Protective Order is entered or an interim confidentiality stipulation is executed, no party is obligated to produce documents it in good faith deems confidential..  In the event that no protective order is in place, any party producing documents potentially subject to a Protective Order will note that the documents are confidential.  Until a Protective Order is in place, any party receiving a document marked confidential shall treat it as confidential.  Upon entry of a Protective Order, a party may challenge the confidentiality of any document received from any other party.

Dated: February 5, 2026

*/s/ W. Whitney Seals*
Cochrun & Seals
P.O. Box 10448
Birmingham, AL 35202-0448
filings@cochrunseals.com
(205) 323-3900
*Counsel for Plaintiff*

*/s/ L. Jackson Young, Jr.*
L. Jackson Young, Jr.
ASB-7946-G65L
Christian & Small, LLP
505 20th Street N, Suite 1800
Birmingham, Alabama  35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
LJYoung@csattorneys.com
*Attorney for Defendant,*
 *Experian Information*
*Solutions, Inc.*

6

4718973.1